**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0389-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAY GOLDBERG,

    Defendant-Appellant.

_____

Submitted March 4, 2019 – Decided June 3, 2019

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 11-09-1602.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison S. Perrone, Designated Counsel; William P. Welaj, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Roberta DiBiase, Supervising Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Jay Goldberg appeals from a July 27, 2017 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

On September 13, 2011, an Ocean County grand jury returned a six-count indictment charging defendant with: first-degree murder, N.J.S.A. 2C:11-3 (count one); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count two); first-degree maintaining or operating a controlled dangerous substance ("CDS") production facility, N.J.S.A. 2C:35-4 (count three); second-degree conspiracy to maintain or operate a CDS production facility, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:35-4 (count four); first-degree possession with intent to manufacture, distribute or dispense a CDS, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(10) (count five); and second-degree conspiracy to possess with intent to manufacture, distribute or dispense a CDS, N.J.S.A. 2C:5-2, N.J.S.A. 3C:35-5(a)(1), and N.J.S.A. 2C:35-5(b)(10) (count six).

After a nine-day trial before Judge James M. Blaney, a jury convicted defendant of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), as a lesser-included offense on count one, and of all the remaining charges in the indictment. We detailed the facts and evidence presented at trial in defendant's

direct appeal. State v. Goldberg, No. A-1160-12T2 (App. Div. May 7, 2015) (slip op. at 4-13). The central dispute at trial was whether defendant shot the victim in self-defense. Defendant contended that he shot the victim after he broke into defendant's home in a drunken rage, but the State alleged that defendant purposefully killed the victim and that defendant had fabricated the facts supporting self-defense.

At sentencing, the trial judge merged count two into count one, and counts four, five, and six into count three. On count one, the judge sentenced defendant to twenty years in prison subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C: 43-7.2, and five years of parole supervision upon his release. The judge sentenced defendant to a concurrent ten-year term on count three, with a three-year, six-month period of parole ineligibility.

Defendant appealed his convictions and sentence, and we affirmed. State v. Goldberg, No. A-1160-12 (App. Div. May 7, 2015). The Supreme Court denied defendant's petition for certification. State v. Goldberg, 223 N.J. 282 (2015). In May 2016, defendant filed a deficient petition for PCR. After being appointed counsel, defendant filed an amended PCR petition on March 28, 2017 supported by defendant's certification and counsel's brief. After hearing oral

argument on July 26, 2017, Judge Blaney issued a fifteen-page written opinion on July 27, 2017 denying defendant's petition without an evidentiary hearing.

On appeal of the denial of PCR, defendant raised the following arguments for our review:

> POINT I: THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING TO FULLY ADDRESS THE DEFENDANT'S CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF.
>
> B. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF TRIAL COUNSEL'S FAILURE TO PRESENT TESTIMONY FROM AN EXPERT WITNESS RETAINED PRIOR TO TRIAL WHICH WOULD HAVE BEEN RELEVANT TO THE DEFENSE THEORY THE DEFENDANT ACTED IN SELF-DEFENSE, AFTER THE TRIAL COURT HAD DENIED THE STATE'S MOTION TO PREVENT ITS ADMISSION AT TRIAL.
>
> C. TRIAL COUNSEL DID NOT ADEQUATELY REPRESENT THE

4

DEFENDANT ARISING OUT OF HIS FAILURE TO REVIEW ALL RELEVANT DISCOVERY WITH HIM, TO CONDUCT A COMPREHENSIVE PRETRIAL PREPARATION, AND TO THOROUGHLY DISCUSS WITH THE DEFENDANT ALL RELEVANT RAMIFICATIONS ASSOCIATED WITH THE DECISION WHETHER OR NOT TO TESTIFY, AS A RESULT OF WHICH HE DID NOT TESTIFY IN HIS OWN DEFENSE.

Having considered the record in light of the arguments advanced on appeal, we find no merit in defendant's arguments. We affirm for substantially the reasons expressed in Judge Blaney's well-reasoned written opinion. We add only the following comments.

In cases where the PCR court does not conduct an evidentiary hearing, we review the PCR judge's legal and factual determinations de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). A PCR petitioner must establish the grounds for relief by a preponderance of the credible evidence. State v. Goodwin, 173 N.J. 583, 593 (2002). We review the PCR court's decision to proceed without an evidentiary hearing for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

Defendant first argues that his trial counsel was constitutionally ineffective because he failed to call an expert, who had prepared a report in support of the defense, to testify at trial. In his report, the expert reviewed

5

documentary evidence regarding the incident and the victim and opined to a reasonable degree of medical certainty "that a person who consumes alcohol in large amounts on a regular basis would not necessarily be so impaired from blood/brain/urine concentrations of alcohol detected in the victim to render him unable to cause serious bodily injury to . . . defendant." The State filed a pre-trial motion to exclude the expert's proposed testimony on the grounds that the proposed testimony was not beyond the ken of the average juror. The trial judge denied the State's motion and ruled that the testimony would be admissible provided that the expert amend his report to include items that he had reviewed, but had not discussed in the original report.

In support of his PCR petition, defendant certifies that trial counsel did not provide a reason for declining to call this expert, only telling defendant that "we don't need him; we won a body." Defendant contends that the expert's testimony was essential to rebut the State's allegation that the victim was too intoxicated to pose a threat to defendant requiring the use of deadly force in self-defense.

To establish an ineffective-assistance-of-counsel claim, a convicted defendant must demonstrate: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Strickland

6

v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting two-part Strickland test in New Jersey). In evaluating the first Strickland prong, a court presumes counsel exercised reasonable judgment in trial strategy:

> To satisfy prong one, [a defendant] ha[s] to overcome a strong presumption that counsel exercised reasonable professional judgment and sound trial strategy in fulfilling his responsibilities. [I]f counsel makes a thorough investigation of the law and facts and considers all likely options, counsel's trial strategy is virtually unchallengeable. Mere dissatisfaction with a counsel's exercise of judgment is insufficient to warrant overturning a conviction.
>
> [State v. Nash, 212 N.J. 518, 542 (third alteration in original) (citations omitted).]

An attorney's decision whether to call a witness is reviewed under this presumption. See State v. Arthur, 184 N.J. 307, 320-321 (2005). "[L]ike other aspects of trial representation, a defense attorney's decision concerning which witnesses to call to the stand is 'an art,' and a court's review of such a decision should be 'highly deferential.'" Id. at 321 (quoting Strickland, 466 U.S. at 689, 693). Applying this presumption, Judge Blaney reasoned that trial counsel's decision not to call the expert was sound trial strategy:

> The motion regarding [the expert's] testimony occurred on the first day of proceedings in this case, along with other preliminary motions. Many days

7

A-0389-17T2

thereafter were spent on jury selection; then trial testimony started and continued for eight days before counsel had to decide whether or not to call [the expert]. During that time the State had presented, and defense counsel had cross-examined numerous witnesses. . . . The Court agrees with the State in that trial counsel would have had a feel for the case at that point that he could not have had at any earlier phase of the prosecution. He would have had a feeling for how well or how poorly the State's witnesses had testified on both direct and cross-exanimation, and how the jury had perceived them. By that time, counsel had also called [the victim's further girlfriend], who testified that she was once a girlfriend of [the victim] and she knew him to drink regularly and become aggressive when he was under the influence of alcohol. It is likely that in this instance, trial counsel's feel for the case told him that he should not call [the expert]. Considering all that defense counsel had gone through to get [the expert's] report written, amended and admitted at trial, his decision in the end to not call the witness was inescapably one of strategy and its origins can be gleaned from the record.

When the motion to preclude [the expert's] testimony was heard and the State placed upon the record what it considered to be the report's shortcomings, defense counsel observed that, weight versus admissibility are really two different things. . . . If you want to question an expert about what he or she did do, didn't do, what they considered or didn't consider, it certainly is fair game when any expert is cross-examined. Counsel knew the State would cross-examine the doctor on what it perceived to be the weaknesses in his opinion, then would likely pick it apart in great detail during summation. Thus, notwithstanding [defendant's] current conclusion to the contrary, there seems to have been a downside risk in calling [the expert].

A-0389-17T2

Whatever remark counsel made to [defendant] at the time he chose not to call [the expert], the fact that he commented at all demonstrates that his decision was a strategic one, which was not unreasonable under the circumstances and was not outside the wide range of professionally competent assistance.

We find that Judge Blaney's reasoning is well-supported by the record. Considering that other witnesses testified regarding the victim's violent proclivities while drunk and the potential weaknesses in the expert's proposed testimony, Judge Blaney correctly determined that trial counsel's strategic decision fell within the wide latitude of reasonable professional judgment. See Arthur, 184 N.J. at 322 (upholding denial of PCR where "there was reasonable basis for defense counsel's strategic decision not to call [the potential witness] as a defense witness because his testimony was more likely to harm than to help defendant's case.").[1]  Moreover, because trial counsel's strategic concerns can be easily gleaned from the trial record, the PCR court appropriately exercised its discretion in denying defendant's request for an evidentiary hearing. See State v. Marshall, 148 N.J. 89, 158 (1997) ("If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant

---

[1] In addition, we agree with the PCR court that defendant also failed to make a prima facie showing of the second Strickland prong with regard to the expert's testimony.

A-0389-17T2

is entitled to post-conviction relief, or that the defendant's allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing, then an evidentiary hearing need not be granted." (citations omitted)).

Defendant also argues that trial counsel was ineffective for failing to adequately discuss with defendant his right to testify at trial. Defendant certifies that trial counsel failed to provide a copy of the discovery provided by the State and failed to discuss the night of the shooting with defendant in preparation for trial. He also certifies that he waived his right to testify during the trial because "the whole situation was so overwhelming to me, that I just answered like a robot because I thought I had to follow my lawyer's advice." Defendant maintains that had trial counsel adequately discussed defendant's potential testimony about the night of the shooting, he would have chosen to testify and been able to rebut the testimony of some of the State's key witnesses.

"It is the responsibility of a defendant's counsel, not the trial court, to advise defendant on whether or not to testify and to explain the tactical advantages and disadvantages of doing so or of not doing so." State v. Bogus, 223 N.J. Super. 409, 423 (App. Div. 1988). "To ensure that counsel meets that obligation, it may be the better practice for a trial court to inquire of counsel

10

whether he or she had advised a defendant . . . of his or her right to testify." State v. Savage, 120 N.J. 594, 631 (1990).

We agree with Judge Blaney that trial counsel was not constitutionally ineffective for failing to call defendant as a witness or to adequately discuss the strategic concerns regarding defendant testifying. As the judge noted, defendant waived his right to testify on the record after voir dire by the court. In the voir dire, Judge Blaney ensured that defendant knowingly and voluntarily waived his right to testify and informed defendant that the jury would be instructed not to draw an adverse inference from defendant's decision not to testify.

Indeed, in response to whether he understood all of his options after speaking to trial counsel about testifying, defendant stated: "Yes I do. We had many discussions about it and I understand." In this regard, defendant's responses to the voir dire belie any contention that his trial counsel failed to adequately discuss the ramification of testifying with defendant. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").[2] Ultimately, the trial judge's questioning

---

[2] Moreover, we find that defendant's proposed testimony is unlikely to have affected the verdict. Defendant's proposed testimony, as detailed in his certification, is inconsistent with the statement he made to the police after the shooting, as well as with the statements he made to two inmates while he was incarcerated awaiting trial.

A-0389-17T2

ensured that defendant sufficiently understood his right to testify. See State v. Ball, 381 N.J. Super. 545, 557 (App. Div. 2005) (holding that defendant's case not prejudiced because "regardless of whether defendant was advised by counsel, the trial judge fully explained defendant's right to testify, the possible consequences of his choice and the option to have the jury instructed to draw no inference from defendant's choice not to testify"). Therefore, we agree with Judge Blaney that defendant failed to establish a prima facie case of ineffective assistance of counsel on this basis and that no evidentiary hearing was required. See Marshall, 148 N.J. at 158.

To the extent that we have not specifically addressed any arguments raised by defendant, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0389-17T2